*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0492**

Cass County,
Respondent,

vs.

Rhonda Aho,
Appellant.

**Filed October 13, 2025**
**Affirmed**
**Segal, Judge**[*]

Cass County District Court
File No. 11-CV-24-1083

Jason J. Kuboushek, Emma M. Baker, Iverson Reuvers, Bloomington, Minnesota (for respondent)

Rhonda Aho, Pine River, Minnesota (pro se appellant)

Considered and decided by Schmidt, Presiding Judge; Connolly, Judge; and Segal, Judge.

**NONPRECEDENTIAL OPINION**

**SEGAL**, Judge

Appellant challenges the district court's grant of summary judgment in favor of respondent, arguing that the district court lacked subject-matter jurisdiction because

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

respondent failed to join an indispensable party. Appellant also asserts various constitutional challenges. We affirm.

## FACTS

This case arises out of respondent Cass County's efforts to require appellant Rhonda Aho to comply with its land-use ordinance by either obtaining permits for or removing six storage containers and a solar panel discovered by the county on Aho's property in January 2023. After confirming that no permits had been sought or issued for the storage containers and solar panel, the county sent a letter to Aho, informing her that she was in violation of the county land-use ordinance and needed to obtain "after-the-fact permits" for the containers and panel.[1] Aho contacted the county inquiring how the county became aware of the violations but did not apply for any permits. The county sent a second letter to Aho about a month later, which included blank copies of the permit application, and advised her that she had 30 days to bring her property into compliance. The county received no response from Aho to this letter.

About six months later, after the county discovered additional construction on Aho's property, outside legal counsel for the county sent Aho a letter giving her ten days to come into compliance within the ordinance.[2] When Aho again failed to submit permit applications for the containers and panel, the county commenced this lawsuit for

---

[1] Section 501 of the county's land-use ordinance requires the issuance of permits for, among other things, the placement of "structures" on real property within the county. *See* Cass County, Minn., Land Use Ordinance (LUO), § 501(A) (2025).

[2] According to the county's complaint, instead of complying with the ordinance, Aho sued the county and its outside legal counsel in federal court alleging constitutional violations.

declaratory and injunctive relief to obtain compliance with the ordinance. Aho attempted to file papers seeking dismissal of the county's lawsuit for lack of jurisdiction, but the filing was rejected by the court administrator because Aho declined to either pay the filing fee or obtain a fee waiver.

The county moved for summary judgment. Aho filed no papers in opposition to the motion, but the district court allowed Aho to present arguments orally at the summary judgment hearing. At the hearing, Aho argued that the district court lacked "in persona, subject matter, and in rem jurisdiction," and that the county lacked standing to bring its claims. She also argued that another person, C.C., "has a claim and [an] interest in th[e] property and structures complained of" by the county, and that C.C. is an indispensable party to the suit.

The district court granted summary judgment in favor of the county. The district court noted that Aho did not file or otherwise offer any evidence or exhibits contesting the county's evidence aside from her challenge to the court's jurisdiction presented orally at the hearing.[3] It determined that the material facts are thus undisputed and establish that Aho is the sole owner of the property and that the storage containers and solar panel were stored on her property and lacked permits. The district court further found that the containers and panel qualify as "structures" requiring permits under the county's ordinance, and that Aho was in violation of the ordinance because she did not obtain the

---

[3] The district court noted in its order granting summary judgment that Aho "was aware that she could file a request with the court to waive court fees and costs," but "refused" to do so.

3

required permits. The district court ordered Aho to obtain permits or to remove the structures within 30 days and provided that if she did not comply, the county could "enter the property, including any structures therein, to determine the specific uses and nature of the structures, [and] determine if additional code violations exist."

## DECISION

Aho argues on appeal that summary judgment must be reversed because the district court lacked subject-matter jurisdiction. She also argues that her due-process rights were violated, the order constitutes an unconstitutional taking and violates the Fourth Amendment to the United States Constitution, and the district court relied on inapposite case law. When reviewing a grant of summary judgment, appellate courts apply a de novo standard of review to determine whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Senogles v. Carlson*, 902 N.W.2d 38, 42 (Minn. 2017). In doing so, we view "the evidence in the light most favorable to the nonmoving party and resolv[e] all doubts and factual inferences against the moving party." *Staub v. Myrtle Lake Resort, LLC*, 964 N.W.2d 613, 620 (Minn. 2021).

## I.     The district court had subject-matter jurisdiction to hear the county's claims.

We address first Aho's jurisdictional arguments. "Subject[-]matter jurisdiction refers to a court's authority to hear and determine cases that are presented to it." *Rued v. Comm'r of Hum. Serv.*, 13 N.W.3d 42, 46 (Minn. 2024). "[D]efects in subject-matter jurisdiction may be raised at any time and cannot be waived or forfeited by a party." *Id.* (quotation omitted). We apply a de novo standard of review to jurisdictional questions. *Underdahl v. Comm'r of Pub. Safety*, 735 N.W.2d 706, 710 (Minn. 2007).

4

Aho argues that the courts are without subject-matter jurisdiction because "[a] court cannot issue binding orders against land it does not legally control." As the district court noted in its order, however, the Minnesota legislature expressly grants counties the authority to enact planning and zoning ordinances regulating private property within the county. *See* Minn. Stat. §§ 394.21, .24 (2024); *see also Eagle Lake of Becker Cnty. Lake Ass'n v. Becker Cnty. Bd. of Comm'rs*, 738 N.W.2d 788, 792 (Minn. App. 2007) ("Minnesota counties are empowered [by the legislature] to engage in land-use planning and zoning."). The legislature also grants counties the authority to enforce those ordinances by, among other measures, initiating an action in district court. *See* Minn. Stat. § 394.37, subd. 3 (2024). The county thus has authority from the state legislature to adopt a land-use ordinance, and the district court had subject-matter jurisdiction over this action.

Aho also argues that the district court "lacked subject[-]matter jurisdiction because it proceeded without joining [C.C.], the indispensable party." She asserts that C.C. "built the structure" and "occupies it," and "is the one [that the county] wants to remove or force into compliance." But Aho submitted no evidence into the record to counter the county's evidence that Aho was the sole record owner of the property. *See* Minn. R. Civ. P. 56.05(b) (providing that, if a party "fails to properly address another party's assertion of fact as required by [r]ule 56.03, the court may . . . consider the fact undisputed for purposes of the motion"); *see also DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997) (stating that "the party resisting summary judgment must do more than rest on mere averments"). The district court's finding that Aho was the sole owner of the property is thus undisputed. And Cass County's ordinance imposes the duty to apply for permits on the "landowner or their

5

agents with the landowner's written consent," not mere occupants. LUO § 501(B) (2025). As such, we discern no error in the district court's determination that C.C. is not an indispensable party to this action.[4]

## II. Aho's remaining arguments are procedurally barred or otherwise fail.

Aside from her jurisdictional arguments, Aho also asserts that (1) her procedural due-process rights were violated because C.C. was not given an opportunity to be heard; (2) the district court's order amounted to a regulatory taking without compensation; (3) the order violated her Fourth Amendment rights; and (4) "the district court relied on fundamentally inapplicable caselaw." She claims that these "structural errors require dismissal with prejudice." The county argues that Aho failed to properly preserve these issues for appeal because she did not raise these arguments before the district court. We address the parties' arguments in turn below.

---

[4] Aho asserts a third jurisdictional argument—that the district court lacked in rem jurisdiction over her property because the "[t]he county failed to prove situs, failed to submit a Certificate of Real Estate Value (CRV) as required by Minn. Stat. § 272.115, and failed to show that the property was lawfully assessed or coded for taxation as required by Minn. Stat. §§ 272.194 and 272.196." It does not appear from the hearing transcript that Aho asserted these arguments before the district court, and we generally do not consider new arguments not raised before or considered by the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Moreover, even if we were to consider these arguments, we would conclude that they are without merit. The record shows that the county did present the address of Aho's property, that the address is in Cass County, and Aho never disputed these facts. In addition, the statutes cited by Aho all relate to property taxation, a subject not relevant to this action.

### A. Due Process

Aho maintains that her due-process rights were violated because C.C. was not given an opportunity to be heard. This argument is just a slightly different iteration of her claim that C.C. is an indispensable party. For the same reasons that we reject that argument, we reject her due-process argument.

### B. Regulatory taking

Aho argues that the county's permit requirements for the structures on her property constitute an unconstitutional taking without compensation under the Fifth Amendment of the United States Constitution. Aho never asserted this argument before the district court, and we therefore need not consider this argument on appeal. *See Thiele*, 425 N.W.2d at 582. Moreover, land-use regulations such as the one at issue here have regularly been upheld against takings claims. *See, e.g.*, *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 125 (1978) (upholding a land-use regulation even though the regulation "prohibit[ed] the most beneficial use of the property"); *Thompson v. City of Red Wing*, 455 N.W.2d 512, 516 (Minn. App. 1990) (stating that "[t]he right to use property as one wishes is subject to, and limited by, the proper exercise of police power in the regulation of land use"), *rev. denied* (Minn. June 6, 1990). And "[s]uch regulation does not constitute a compensable taking unless it deprives the property of all reasonable use." *Id.* (quoting *Hubbard Broadcasting, Inc. v. City of Afton*, 323 N.W.2d 757, 761 (Minn. 1982)). The district court's order did not deprive Aho of all reasonable use of her property, it only required her to seek permits for the storage containers and solar panel or to remove them from the property.

7

## C. Fourth Amendment

Aho next argues that the district court's order allowing the county to enter her property if Aho does not comply with the court's order violates her Fourth Amendment rights against governmental intrusion on her private property. Again, Aho failed to assert this argument before the district court, and we decline to address it here. *Thiele*, 425 N.W.2d at 582. We also note that the case cited by Aho, *Camara v. Municipal Court*, 387 U.S. 523, 534 (1967), holds no more than that an administrative search of property without proper consent or a search warrant violates the Fourth Amendment. Here, the district court authorized the entry not on the basis of an ex parte warrant application in which only the county's contentions would be considered, but after a hearing at which Aho had notice and an opportunity to submit evidence and to make arguments to the court. Aho thus had greater process than the minimum required by the Fourth Amendment to allow entry onto private property. We further note that the district court's order gives Aho 30 days to comply with the court's order, which allows her the opportunity to avoid having county representatives enter her land simply by submitting proper permit applications for the structures or removing them.

## D. Case law relied on by the district court

Finally, Aho complains that the district court cited inapposite case law because the cases involved either property owners who were engaged in commercial activity or a party who applied for a permit and thereby voluntarily consented to the county's jurisdiction. The distinctions asserted by Aho, however, are not relevant to the holdings for which they

8

were cited by the district court.  And we discern no error in the district court's application or interpretation of the applicable law.

**Affirmed.**